**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

GREGORY GILLILAN,                       :
                                        :
                  Plaintiff             :
                                        :
vs.                                     :
                                        :
Chief CONNOR,                           :        NO. 5:11-CV-380 (MTT)
                                        :
                  Defendant             :        **O R D E R**
_____

Plaintiff **GREGORY GILLILAN**, presently an inmate at Wheeler Correctional

Facility ("WCF") in Alamo, Georgia, has filed a *pro se* civil rights complaint under 42

U.S.C. § 1983.  Parties instituting non-habeas civil actions are required to pay a filing

fee of $350.00, unless they qualify for *in forma pauperis* status.  28 U.S.C. §§ 1914(a),

1915.  Because Plaintiff has failed to pay the required filing fee, the Court assumes that

he wishes to proceed *in forma pauperis* in this action.

Plaintiff's sole named Defendant is WCF "Chief" Conner.  According to Plaintiff,

Conner retaliated against him for filing lawsuits by placing Plaintiff in lock down.  In lock

down, Plaintiff allegedly suffered seizures on September 9 and 10, 2011, after which

unnamed prison guards failed or refused to help Plaintiff.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform

Act, a prisoner may not bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner
is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of court records reveals that Plaintiff has filed more than 162 civil

actions in the United States District Courts, and at least 11 of those complaints or

resulting appeals have been dismissed as frivolous, malicious, or failing to state a claim.

*See Gillilan v. Davis*, 5:11-cv-208 (MTT) (M.D. Ga. May 31, 2011) (listing cases).

Because Plaintiff fails to satisfy the "imminent danger of serious physical

injury"exception of section 1915(g), his motion to proceed *in forma pauperis* is therefore

**DENIED**.

Additionally, venue in this district is improper.  The venue provision of 28 U.S.C.

§ 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may ... be brought only in (1) a judicial
> district where any defendant resides, if all defendants reside
> in the same state, [or] (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the
> claim occurred....

28 U.S.C. § 1391(b).

The Defendant is located, and all of the events alleged in the complaint occurred,

in Wheeler County, which is situated in the Southern District of Georgia.  28 U.S.C. §

90(c)(2). As this Court has informed Plaintiff in prior orders, the proper venue for actions

arising out at WCF is the Southern District of Georgia, not this district.

Title 28 U.S.C. § 1406(a) provides that a district court may transfer a case to another court  where it might have been properly filed.  However, the court should transfer the case only if doing so is in the interest of justice.  A transfer of this case would not be in the interests of justice because

Plaintiff has more than three strikes and has failed to allege sufficient facts to indicate that he is in "imminent danger of serious physical injury."

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 23rd day of September, 2011.


<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT


cr